IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | |
|---|---|
| EBONY R. MOORE,<br>On behalf of herself and all others similarly situated<br>8866 Evening Star Road<br>Columbus, Ohio 43240<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>ADO STAFFING, INC.<br>c/o CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219<br><br>and<br><br>ADECCO USA, INC.<br>c/o CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219<br><br>　　　Defendants. | CASE NO.<br><br>JUDGE<br><br>**(JURY DEMAND ENDORSED HEREON)** |

## CLASS ACTION COMPLAINT

Now comes the Plaintiff, Ebony R. Moore ("Moore") on behalf of herself and all other similarly situated individuals, and alleges the following claims:

**PRELIMINARY STATEMENT**

1.　This is a class action on behalf of consumers who were the subject of consumer reports obtained by Ado Staffing, Inc. and Adecco USA, Inc. ("Adecco Defendants") as a precondition of employment with the Adecco Defendants during the five-year period preceding

the filing of this action, as established by 15 U.S.C. § 1681p (the "Class Period"), seeking remedies under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PARTIES

2. Moore is an individual residing in Columbus, Ohio. She is a "consumer" as defined by 15 U.S.C. § 1681a.

3. Ado Staffing, Inc. is a Delaware corporation conducting business and hiring employees in Ohio, and is the parent corporation of Adecco USA, Inc.

4. Adecco USA, Inc. is a Delaware corporation conducting business and hiring employees throughout the United States, including in Ohio.

5. Adecco USA, Inc. claims to have employees in over 450 locations throughout 60 countries, and to be one of the top five largest staffing agencies in the United States. See https://www.adeccousa.com/about-adecco-staffing/ (last visited January 21, 2022)

6. At all times relevant, the Adecco Defendants "persons" using "consumer reports" for "employment purposes" and took "adverse action" against "consumers," as those terms are defined by 15 U.S.C. § 1681a.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) as the Adecco Defendants regularly conduct business in the Southern District of Ohio, including the hiring of consumers.

## MOORE'S EXPERIENCE

9. In November 2021, Moore applied to and was hired by the Adecco Defendants for

a position with Epiq, which describes itself as "the global leader in technology-enabled legal services, corporate restructuring, cybersecurity, and business transformation solutions." *See* https://www.epiqglobal.com/en-us (last visited January 21, 2022).

10. Accordingly, the Adecco Defendants placed Moore in an Epiq call center on November 17, 2021.

11. On November 23, 2021, after four days on the job, Moore was suddenly ousted in the middle of her shift, purportedly because she had failed a background check.

12. Indeed, the Adecco Defendants informed Moore of this in the public lobby, with security staff nearby, and demanded that she immediately turn over her employee badge. This experience caused Moore significant humiliation and emotional distress.

13. Importantly, Moore was not given a copy of her consumer report or a written summary of her rights before she was terminated from employment.

14. On November 29, 2021, Moore contacted Vickie Long, Client Delivery Supervisor for the Adecco Defendants, to inform Ms. Long that she never received a copy of her consumer report. Moore also requested the name of the consumer reporting agency that issued her report.

15. However, the Adecco Defendants had already taken adverse action against Moore by terminating her employment based in whole or in part on information contained in a consumer report before ever providing her with a copy of the report and summary of rights.

16. To that end, Moore had no knowledge of the contents of the consumer report at the time she was terminated, nor was she able to explain, dispute, or contextualize the information to retain employment.

**ALLEGATIONS AS TO THE COMMON QUESTIONS**

17. For at least five (5) years, the Adecco Defendants have purchased consumer reports

3

from consumer reporting agencies trafficking in the reputations of America's workforce, which are used as a basis for taking adverse action against job applicants.

17. [sic] 18. The Adecco Defendants do not provide applicants with pre-adverse action notice, including a copy of the applicants' consumer report and a statement of the applicants' rights as required by 15 U.S.C. § 1681b(b)(3)(A) *before* taking adverse employment action.

19. The Adecco Defendants' violations of the FCRA are willful because they know or recklessly disregard their failure to comply with the requirements of the FCRA. Alternatively, the Adecco Defendants' violations of the FCRA were negligent.

20. For example, First Advantage publishes guidance regarding FCRA compliance to its users and offers various webinars featuring prominent FCRA defense lawyers. *See* https://fadv.com/resources/webinar/ (last visited January 21, 2022).

21. Further, upon information and belief, First Advantage mandates FCRA compliance as part of its written agreements with customers like the Adecco Defendants such that they had actual knowledge of the laws applicable to Moore and the putative class members.

22. The FCRA's pre-adverse action requirements have also been the subject of numerous appellate court decisions, as well as interpretative opinions authored by the Federal Trade Commission.

23. As a national corporation engaged in the recruiting and staffing of workers for companies for decades, the Adecco Defendants knew or reasonably should have known that their policies and procedures violate the FCRA.

24. Under 15 U.S.C. § 1681n, the FCRA permits a consumer to recover statutory and punitive damages, along with attorney's fees and costs for willful violations of its provisions. Consumers may also recover actual damages, along with attorney's fees and costs for negligent

4

violations of the FCRA. 15 U.S.C. § 1681o.

## CLASS ACTION ALLEGATIONS

25. Pursuant to Rule 23 if the Federal Rules of Civil Procedure, Moore brings this action on behalf of the Class initially defined below:

> All employees or prospective employees of the Adecco Defendants who were the subject of a consumer report used by the Adecco Defendants to make employment decisions during the applicable statute of limitations period as established by 15 U.S.C. § 1681p, preceding the filing of this action and during its pendency, and against whom the Adecco Defendants took adverse action based in whole or in part on information contained in the consumer report before providing a copy of the consumer report and a written summary of rights as required by 15 U.S.C. § 1681b(b)(3)(A)(i) and (ii).

26. **Numerosity**. Moore alleges that the Class members are so numerous that joinder of all members is impracticable. Upon information and belief, the Class exceeds 1,000 members. The names and addresses of the Class members are identifiable through documents maintained by the Adecco Defendants and First Advantage, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

27. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members, including, among other things:

   a. Whether the Adecco Defendants provided a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee based on the results thereof as required by 15 U.S.C. § 1681b(b)(3)(A)(i);

   b. Whether the Adecco Defendants provided the applicant or employee with a written summary of rights under the FCRA before declining to hire or discharging the applicant or employee as required by 15 U.S.C. § 1681b(b)(3)(A)(ii); and

   c. Whether the Adecco Defendants' failure to comply with the FCRA was willful and/or negligent.

28. **Typicality**. Moore's claims are typical of the claims of the other Class members as all Class and Sub-Class members were similarly affected by the Adecco Defendants' unlawful conduct in violation of the FCRA. Upon information and belief, the Adecco Defendants utilize a standard procedure to terminate, decline or delay employment based in whole or in part on information contained in consumer reports without providing the mandatory pre-adverse notices required by the FCRA.

29. **Adequacy**. Moore will fairly and adequately protect the interest of the Class members and has retained counsel competent and experienced in handling actions involving unlawful practices against consumers as well as complex class-action litigation. Moore is a member of the Class, and neither Moore, nor her counsel has any interest antagonistic to, or in conflict with, the members of the Class she seeks to represent. Moore is aware of her responsibilities to the putative class and has accepted such responsibilities.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Class is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

31. Further, the prosecution of several actions by individual members of the Class would create a risk of varying adjudications with respect to members of the Class, as well as create inconsistent standards of conduct for those opposing the Class. Additionally, individual actions by members of the Class may be dispositive of the interests of other members not parties to the adjudication of the claims, which would impair or impede the ability of those individuals to protect their interests.

**COUNT ONE – FAILURE TO PROVIDE PRE-ADVERSE ACTION NOTICE**
**(15 U.S.C. § 1681b(b)(3)(A))**
**CLASS CLAIM**

32. Moore incorporates by reference all allegations set forth in the preceding paragraphs as if fully rewritten herein.

33. The Adecco Defendants willfully violated 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide a copy of the consumer report to Moore and the Class Members before taking adverse action that was based in whole or in part on that report.

34. The Adecco Defendants willfully violated 15 U.S.C. § 1681b(b)(3)(A)(ii) by failing to provide a copy of the summary of rights required by this section to Moore and the Class members before taking adverse action that was based in whole or in part on a consumer report.

35. Alternatively, the Adecco Defendants negligently violated 15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii) by failing to provide a copy of the consumer report and written summary of rights to Moore and the Class Members before taking adverse action that was based in whole or in part on that report.

36. Moore and the Class members seek statutory and punitive damages, as well as attorney fees and costs for these willful violations pursuant to 15 U.S.C. § 1681n(a).

37. Alternatively, the Adecco Defendants' violations were negligent, and Moore seeks issue certification based on the Adecco Defendants' negligence under Fed. R. Civ. P. 23(c)(4).

**WHEREFORE,** Moore and the putative class and subclasses respectfully pray for the following relief:

  A. An order certifying the proposed Class herein pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Moore and the undersigned Counsel to represent the Class;

  B. An order declaring that the Adecco Defendants' actions as described above are in willful violation of the FCRA;

  C. Judgment against the Adecco Defendants for statutory damages in an amount of not less than $100.00 and not more than $1,000.00 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

7

    D.    Judgment against the Adecco Defendants for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    E.    Alternatively, an order certifying the issue of the Adecco Defendants' conduct as negligent pursuant to Rule 23(c)(4) of the Federal Rules of Civil Procedure; and

    F.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

Respectfully submitted,

O'TOOLE, McLAUGHLIN, DOOLEY
& PECORA CO., LPA.

By:   /s/ Matthew A. Dooley
Matthew A. Dooley (0081482)
Stephen M. Bosak, Jr. (0092443)
Michael R. Briach (0097986)
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone:  (440) 930-4001
Facsimile:  (440) 934-7208
Email:  mdooley@omdplaw.com
    sbosak@omdplaw.com
    mbriach@omdplaw.com
*Counsel for Ebony R. Moore and the putative class*

## JURY DEMAND

Plaintiff Ebony R. Moore and the putative class demand a trial by a jury as to all issues presented herein.

By:   /s/ Matthew A. Dooley
Matthew A. Dooley (0081482)